MARY M. RITTEN, RESPONDENT, *v.* GRIFFITH J. GRIFFITH, APPELLANT.

*Service of summons on non-resident — copies of papers must always be mailed — form of order — Code of Civil Procedure, § 440.*

Under section 440 of the Code of Civil procedure, providing for the service of the summons upon a non-resident, the order must direct a publication, and must also contain the alternative direction that service may be made on the defendant personally out of the State, at the option of the plaintiff, and must also, in all cases, notwithstanding personal service may be made, contain a direction for mailing copies of the summons, complaint and order, or a statement that such mailing was dispensed with, as is in said section provided.

An order directing simply that the summons, with a copy of the complaint and order, be served upon the defendant personally, without the State, is void.

APPEAL from an order of the Oneida Special Term, denying defendant's motion to set aside the judgment entered herein by default, upon service of the summons without the State.

The defendant was a resident of the State of New Jersey. The summons was served upon him personally, within that State, on the

13th of June, 1878. Such service was made in pursuance of an order granted by the special county judge of Oneida, upon an affidavit, which stated that the defendant resided in New Jersey, but did not show that service of the summons could not, with diligent effort, be made upon him within this State. The order simply directed that the summons, with a copy of the complaint and of said order, be served upon the defendant personally, without the State of New York. Judgment by default was entered against the defendant on the twenty-first of August. On the sixteenth of November, defendant obtained an order requiring plaintiff to show cause why the judgment should not be set aside as irregular or void, for the reasons, among others, that the affidavit on which the order directing service of the summons without the State was granted was irregular, in not stating whether due diligence had been used to effect personal service on defendant within this State, and that the defendant had not been properly served with the summons. The motion was denied on the twenty-ninth of November.

*John G. Jones*, for the appellant.

*H. J. Cookingham*, for the respondent.

SMITH, J. :

The affidavit on which the order directing that the summons be served without the State was granted was irregular, in not complying with the requirements of rule twenty of this court. The judge at Special Term held that the defendant was too late to avail himself of the irregularity. The motion was made about three months after the judgment was entered, and the defendant had not appeared in the cause for any other purpose. As the defendant was a non-resident of the State, we hardly think his delay for that period of time was sufficient to preclude him from questioning the regularity of the judgment. But it is not necessary to decide that point, as we are of the opinion the judgment was a nullity, for the want of a sufficient order authorizing a constructive service of the summons.

The power to make an order of that nature is given by sections

438 and 440 of the Code of Civil Procedure. Section 438 provides that an order, directing the service of a summons upon a defendant, without the State, or by publication, may be made in either of the cases specified in that section, one of which is where the defendant is not a resident of this State. Section 440 provides that such order must direct that service of the summons be made by publication; or, at the option of the plaintiff, by service of the summons, and of a copy of the complaint and order, upon the defendant personally, without the State. It must also contain, either a direction to mail a copy of the summons, complaint and order, directed to the defendant, at a place specified in the order; or a statement that the judge, being satisfied that the plaintiff cannot, with reasonable diligence, ascertain a place where the defendant would probably receive matter sent by mail, dispenses with such mailing. Every order, made under that section, as we read it, must direct a publication, with the alternative direction that service may be made on the defendant personally, without the State, at the option of the plaintiff, and it must also direct that the papers be mailed, or it must state that mailing is dispensed with by the judge. The late Code of Prodcedure provided that when publication is ordered, personal service out of the State is equivalent to publication and deposit in the post-office. (Section 135.) The section of the present Code, above construed, retains that provision, so far as to make personal service out of the State, when publication is ordered, equivalent to publication. But under the present Code, as under the former, personal service without the State, is a nullity, unless publication has been ordered. Under the present Code, however, personal service out of the State, when publication has been ordered, is not equivalent to a deposit in the post-office. Whether publication or personal service out of the State be resorted to, the proper papers must also be mailed, unless the mailing is dispensed with by the terms of the order.

The respondent's counsel contends that it is enough if the order directs either one of the modes of service specified in the first clause of the section, to wit, publication; or, if the plaintiff prefers, personal service without the State, and that if the order contain the latter direction, it need not direct that the papers be

mailed, nor need it state that the judge has dispensed with the mailing of them. That interpretation, we think, violates the sense of the section as well as its grammatical construction. It makes a personal service without the State, with no order for publication, and no deposit in the post-office, equivalent to a personal service within the State. That, we are confident, was not the design of the section. In providing that the order must direct personal service to be made without the State at the option of the plaintiff, it was not intended to dispense with the order for publication, but the intention was to have the order for publication so framed as to permit personal service out of the State in lieu of publication, if the plaintiff should find it more convenient to adopt that course under the order.

If our views of the section are correct, the order made in this case was a nullity. First, because it did not direct in the alternative, both a publication and personal service out of the State, at the option of the plaintiff; and, secondly, because it did not contain either a direction for mailing, or a statement that the mailing was dispensed with. The latter statement it could not have contained properly, as the defendant's residence was stated in the affidavit.

The position is taken by the appellant's counsel that the special county judge of Oneida had not power to make the order, but we do not express an opinion on that point, as we hold the order void for the reason above stated.

The order of the Special Term should be reversed, and the judgment, the order directing the service of the summons, and all proceedings in the action should be set aside, with ten dollars costs of the appeal and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from reversed, and order of publication and judgment set aside, with ten dollars costs and disbursements.